IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERESA AUTREY, *deceased,* and
LEVERETT AUTREY, Jr.

                Plaintiffs,

v.                                                                              Civil Action No. 2:13-cv-12704

ETHICON, INC., and
JOHNSON & JOHNSON,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Predeceased Plaintiff, filed September 24, 2019. [ECF No. 16]. In the Motion, the defendants request that this action be dismissed with prejudice because plaintiff Teresa Autrey was deceased before this action was filed. Plaintiffs have not responded, and the matter is ripe for decision.

For the reasons stated below, the court **ORDERS** that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Predeceased Plaintiff is **GRANTED** as to dismissal, but **DENIED** as to dismissal with prejudice.

A. **Choice of Law**

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir.

1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as Ms. Autrey did in this case[1], I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Autrey received the TVT implantation surgery in Texas. Thus, the choice-of-law principles of Texas guide this court's choice-of-law analysis.

In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement (Second) of Conflict of Laws, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, Ms. Autrey resided in Texas, and the product was implanted in Texas. Thus, I apply Texas's substantive law to this case.

---

[1] Ms. Autrey was named in the original Short Form Complaint filed on May 30, 2013. [ECF No. 1]. Plaintiff amended the complaint on August 19, 2015, this time in the names of "Teresa Autrey, Deceased" and "Leverett Autrey, Jr." [ECF No. 6].

B. Analysis

   1. Teresa Autrey

"When [the named plaintiff] passed away, she no longer represented a legal entity for purposes of filing suit and, therefore, did not have standing to assert a claim." *Armes v. Thompson*, 222 S.W.3d 79, 83 (Tex. 2006).

Plaintiff Teresa Autrey died on October 5, 2012. [ECF No. 17-2]. Thereafter, plaintiff's counsel filed a Short Form Complaint on May 30, 2013. [ECF No. 1]. While an Amended Complaint was filed on August 19, 2015, naming "Teresa Autrey, Deceased" and "Leverett Autrey, Jr." [ECF No. 6], plaintiff Teresa Autrey had no standing in the first place to bring the original action.

Because plaintiff Teresa Autrey was deceased prior to the time this action was filed, she cannot bring a lawsuit in her own name.

   2. Leverett Autrey, Jr.

Mr. Autrey, who joined this action by the Amended Short Form Complaint, alleges a loss of consortium claim. [ECF No. 6, ¶ 13]. Texas has recognized "[t]he husband's right to recover for the negligent impairment of consortium." *Whittlesey v. Miller*, 572 S.W.2d 665, 666 (1978). However, the deprived spouse's suit for loss of consortium is considered to be derivative of the impaired spouse's negligence action to the extent that the tortfeasor's liability to the impaired spouse must be established. The consortium action is, nevertheless, independent and apart from that of the impaired spouse's negligence action. *Id. at 667*. As Ms. Autrey's action is a nullity, and she did not have standing to bring the suit, the consortium action, derivative of Ms. Autrey's claim, cannot be continued in this civil action.

C. Conclusion

For the reasons stated, the court **ORDERS** that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Predeceased Plaintiff [ECF No. 16] is **GRANTED in part** to the extent defendants seek dismissal and **DENIED in part** insofar as defendants seek dismissal with prejudice. This case is **DISMISSED** without prejudice and **STRICKEN** from the docket; any pending motions are **DENIED as moot**.

The court **DIRECTS** the Clerk to file a copy of this Order and to send a copy of this Order to counsel and any unrepresented party.

ENTER: July 14, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE